HIRAM JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Johnson v. Commissioner
Docket No. 6145-73
United States Tax Court
T.C. Memo 1974-150; 1974 Tax Ct. Memo LEXIS 170; 33 T.C.M. (CCH) 659; T.C.M. (RIA) 74150; June 11, 1974, Filed. Hiram Johnson, pro se. Andrew M. Winkler, for respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income taxes of $695 for 1969 and $475 for 1970. The sole issue is whether petitioner is entitled to dependency exemptions for his children for those years. Petitioner resided in Cincinnati, Ohio, at the time he filed his petition herein. During the taxable years in issue, he was married and filed a separate return as a married individual for those years with the district director of internal revenue, Cincinnati, Ohio. At all times pertinent, petitioner lived in Cincinnati, while his wife, Louise Johnson, lived with six children of the marriage in Cleveland, *171 Ohio. During 1969 and 1970, Louise Johnson applied for and received $3,926 and $4,075 during those respective years from the Cuyahoga County, Ohio, Welfare Department, in the form of welfare payments, including aid to families with dependent children, for the support of herself and the children. Petitioner claimed dependency exemptions for his six children in 1969 and for four of those children in 1970. He seeks to sustain his claim on the ground that since he was legally obligated under Ohio law to support his children, the welfare payments were made for his account and he is entitled to credit for such payments in determining whether he furnished over half the support of each child, as required by section 152(a), Internal Revenue Code of 1954. We see no need to explore the question of petitioner's legal obligation to support his children, because we are satisfied that under no circumstances is he entitled to credit for the welfare payments. The principle governing the relationship between welfare payments and amounts furnished for support of children were thoroughly explored by this Court in its recent opinion in Helen M. Lutter, 61 T.C. 685 (1974), *172 on appeal (C.A. 7, May 6, 1974). In that case, we held that a working mother who actually contributed the bulk of her earnings to the support of her children did not provide more than one-half of their support because they received a larger amount by way of aid to families with dependent children and that she was not entitled to credit for the welfare payments in determining the amount of the support she provided. In this case, petitioner, according to his own statement at trial, provided no portion of his earnings during the taxable years for the direct support of his children [1] and, for aught that the record shows, his wife may have augmented the welfare payments used to support the children with earnings of her own. We have even less reason that we had in Lutter to attempt to find a rationale to justify petitioner's claim. Accordingly, because petitioner has failed to establish that he furnished over half of the support of any of the children he claimed as dependents. Decision will be entered for respondent. Footnotes
1. At best, the record shows that petitioner may have used some of these earnings to pay for furniture which his wife and children used in Cleveland. ↩